```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
LORRAINE DAMATO, LOUIS MCLAUGHLIN,                :
KATHLEEN MCNALLY, MICHAEL NASOFF, DIANA           :      13-CV-0994 (ARR)(VMS)
MANWARING, NATALIE LENETT, BLEU                   :
MARAQUIN, CHRIS YOOSEFI, GABRIEL BROOKS,          :      NOT FOR ELECTRONIC
Individually and on Behalf of All Others Similarly Situated, :  OR PRINT PUBLICATION
                                                  :
             Plaintiffs,                          :      OPINION AND ORDER
                                                  :
    -against-                                     :
                                                  :
TIME WARNER CABLE, INC.                           :
                                                  :
             Defendant.                           :
                                                  :
------------------------------------------------------------------ X
```

ROSS, United States District Judge:

Defendant, Time Warner Cable, Inc., moves pursuant to the Federal Arbitration Act, 9 U.S.C.§ 9, to confirm seven arbitral awards rendered in its favor. Plaintiffs do not oppose defendant's motion. For the reasons set forth below, the court grants defendant's motion and the arbitration awards denying the claims of plaintiffs Damato, McNally, Nasoff, Lenett, Maraquin, Yoosefi, and Brooks are confirmed.

## BACKGROUND

Plaintiffs are subscribers to defendant's cable internet service. Prior to October 2012, defendant provided an internet modem to its subscribers free of charge. Compl., Dkt. #1 ¶ 1. Beginning around October 15, 2012, defendant began charging a $3.95 per month Modem Lease Fee for the use of company-supplied modems. Id. Plaintiffs filed suit, alleging both that the Modem Lease Fee breached defendant's Residential Services Subscriber Agreement ("Subscriber Agreement") and violated multiple state consumer protection laws.

Pursuant to an arbitration clause in the Subscriber Agreement, the court stayed plaintiffs'

action pending arbitration of all of plaintiffs' claims seeking monetary damages. See Op. & Order, Dkt. #20, at 27. Following the court's order, the nine named plaintiffs engaged in individual arbitrations with defendant. See Mem. in Supp. of Def.'s Mot. to Confirm Arbitral Awards ("Def.'s Mot."), Dkt. #41-1, at 2. Arbitrators ruled in favor of defendant in seven of the nine arbitrations, rejecting all claims for monetary damages by plaintiffs Damato, McNally, Nasoff, Lenett, Maraquin, Yoosefi, and Brooks. See Ex. 3 to Def.'s Mot., Dkt. #41-3, at 1-62. On March 21, 2016, defendant filed the instant unopposed motion seeking to confirm these arbitral awards and dismiss the claims of the seven aforementioned plaintiffs.

## STANDARD OF REVIEW

A motion to confirm an arbitral award should be "treated as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co., v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Even when the motion is unopposed, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. (quoting Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)).

Judicial review of arbitral awards, however, is "severely limited." Local 339 United Serv. Workers Union v. Advanced Ready Mix Corp., No. 12-CV-4811, 2013 WL 685447, at *2 (E.D.N.Y. Feb. 24, 2013) (quoting Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir.1997)). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." D.H. Blair, 462 F.3d at 110 (internal quotation marks and citations omitted). Thus, a reviewing court must only ensure that

the arbitrator "had some grounds on which to grant the damages spelled out in the [a]ward." Trustees of the Local 807 Labor Mgmt. Health Fund v. Express Haulage Co., No. 07-CV-4211, 2008 WL 4693533, at *5 (E.D.N.Y. Oct. 23, 2008).

## DISCUSSION

In light of this deferential standard of review, defendant's motion to confirm the seven arbitral awards in its favor is granted. All of the arbitrators analyzed the language of the Subscriber Agreement and found that the terms of the contract did not require defendant to provide plaintiffs with an internet modem free of charge. See Ex. 3 to Def.'s Mot., Dkt. #41-3, at 6, 15, 24-25, 36, 42, 53, 61. The arbitrators' interpretations of the contract and the conclusions of law they derived from them offer more than a "barely colorable justification" for their determinations that defendant did not breach its contracts with the plaintiffs or violate any state consumer protection laws. Accordingly, the arbitration awards are confirmed.

## CONCLUSION

Defendant's motion to confirm the seven arbitral awards rendered in its favor is granted. All claims against defendant for monetary damages that were submitted to arbitration by plaintiffs Damato, McNally, Nasoff, Lenett, Maraquin, Yoosefi, and Brooks are hereby dismissed with prejudice.

SO ORDERED.                                          /s/(ARR)

_____
Allyne R. Ross
United States District Judge

Dated: April 6, 2016
Brooklyn, New York