FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 13 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
LORRAINE DAMATO, LOUIS MCLAUGHLIN,
KATHLEEN MCNALLY, MICHAEL NASOFF, DIANA
MANWARING, NATALIE LENETT, BLEU
MARAQUIN, CHRIS YOOSEFI, GABRIEL BROOKS,
Individually and on Behalf of All Others Similarly Situated,

　　　　　　　　Plaintiffs,

　　-against-

TIME WARNER CABLE, INC.

　　　　　　　　Defendant.
------------------------------------------------------------------- X

13-CV-0994 (ARR)(VMS)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Plaintiffs Louis McLaughlin and Diana Manwaring move pursuant to the Federal Arbitration Act, 9 U.S.C.§ 9, to confirm arbitral awards rendered in their favor. Defendant does not oppose the motion, but asks the court to interpret the scope of the arbitral awards in question. As set forth below, the court grants plaintiffs' motion and the arbitration awards entered in favor of plaintiffs McLaughlin and Manwaring on their breach of contract claims are confirmed. All other claims submitted to arbitration by McLaughlin and Manwaring are dismissed.

## BACKGROUND

Plaintiffs are subscribers to defendant's cable internet service. Prior to October 2012, defendant provided an internet modem to its subscribers free of charge. Compl., Dkt. #1 ¶ 1. Beginning around October 15, 2012, defendant began charging a $3.95 per month Modem Lease Fee for the use of company-supplied modems. Id. Plaintiffs filed suit, alleging both that the Modem Lease Fee breached defendant's Residential Services Subscriber Agreement ("Subscriber Agreement") and violated multiple state consumer protection laws. Id. ¶¶ 103-184.

Pursuant to an arbitration clause in the Subscriber Agreement, the court stayed plaintiffs' action pending arbitration of all of plaintiffs' claims seeking monetary damages. See Op. & Order dated July 31, 2013, Dkt. #20, at 27. Following the court's order, the nine named plaintiffs engaged in individual arbitrations with defendant. See Mem. in Supp. of Pls.' Mot. to Confirm Arbitral Awards ("Pls.' Br."), Dkt. #52, at 3. Arbitrators ruled in favor of plaintiff in two of the nine arbitrations, granting plaintiffs McLaughlin and Manwaring damages on their breach of contract claims. See McLaughlin Award, Ex. A to Decl. of Steven Wittels in Supp. of Pls.' Mot. to Confirm Arbitral Awards ("Wittels Decl."), Dkt. #53-1; Manwaring Award, Ex. B. to Wittels Decl., Dkt. #53-2. On May 24, 2016, plaintiffs filed the instant unopposed motion seeking to confirm these arbitral awards.

## STANDARD OF REVIEW

A motion to confirm an arbitral award should be "treated as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co., v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Even when the motion is unopposed, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. (quoting Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)).

Judicial review of arbitral awards, however, is "severely limited." Local 339 United Serv. Workers Union v. Advanced Ready Mix Corp., No. 12-CV-4811, 2013 WL 685447, at *2 (E.D.N.Y. Feb. 24, 2013) (quoting Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir.1997)). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome

reached by the arbitrators is necessary to confirm the award." D.H. Blair & Co., 462 F.3d at 110 (internal quotation marks and citations omitted). Thus, a reviewing court must only ensure that the arbitrator "had some grounds on which to grant the damages spelled out in the [a]ward." Trustees of the Local 807 Labor Mgmt. Health Fund v. Express Haulage Co., No. 07-CV-4211, 2008 WL 4693533, at *5 (E.D.N.Y. Oct. 23, 2008).

## DISCUSSION

In light of this deferential standard of review, plaintiffs' motion to confirm the two arbitral awards in their favor is granted. In plaintiff McLaughlin's arbitration, the arbitrator analyzed the Subscriber Agreement and found that in light defendant's practice of providing modems free of charge for several years following the execution of the agreement, both parties intended for the modem to be provided free of charge. See McLaughlin Award at 2. Accordingly, the arbitrator found that defendant's new practice of charging for a modem without first receiving plaintiff's consent to amend the Subscriber Agreement was a breach of the parties' contract. The arbitrator awarded plaintiff McLaughlin $1,936.39 in damages as a result of the breach. Id.

In plaintiff Manwaring's arbitration, the arbitrator found that defendant had breached the parties' contract by charging plaintiff more than what was proscribed in the two-year promotion arrangement the parties had agreed to. See Manwaring Award. The arbitrator awarded plaintiff Manwaring damages of $27.65 plus interest at the statutory rate.

The arbitrators' interpretations of the contracts in question and the conclusions of law they derived from them offer more than a "barely colorable justification" for their determinations that defendant breached its contracts with plaintiffs McLaughlin and Manwaring. Accordingly, the arbitration awards are confirmed.

While defendant did not oppose plaintiff's motion, it did raise two issues in connection with the motion that I will now address.

First, because plaintiff submitted this motion on behalf of all named plaintiffs, defendant requests that I clarify that this opinion confirming plaintiffs' awards only applies to plaintiffs McLaughlin and Manwaring, as all other named plaintiffs had their claims for monetary relief dismissed in separate arbitrations. See Def's. Resp. to Pls.' Mot. to Confirm Arbitral Awards ("Def's. Br."), Dkt. #54, at 1. Plaintiff does not dispute that this award only applies to plaintiffs McLaughlin and Manwaring, but argues that all named plaintiffs are still proper parties to this case as their claims for equitable relief have not yet been adjudicated (a claim it is unclear that defendant disputes). See Reply in Supp. of Mot. to Confirm Arbitral Awards ("Pls.' Reply Br."), Dkt. #55, at 1.

I agree with defendant to the extent that it seeks to clarify that <u>this specific motion to confirm arbitral awards</u> only applies to plaintiffs McLaughlin and Manwaring. I agree with plaintiff, however, that all named plaintiffs may still be proper parties to the suit for the purpose of pursuing equitable relief. See Op. & Order dated July 31, 2016, Dkt. #20, at 16. ("[The arbitration clause applicable to this case] clearly prohibits either side from arbitrating claims for injunctive or similar relief.") Thus, if defendant is asking that I rule that the other seven named plaintiffs are no longer the proper parties to any claim in this suit, that request is denied for the purposes of this motion. Defendant may raise this argument when adjudicating plaintiffs' claims for equitable relief.

Second, defendant asks that I construe the language of McLaughlin and Manwaring's arbitration awards as ruling in plaintiffs' favor on their breach of contract claims, but ruling in defendant's favor on plaintiffs' remaining claims submitted to arbitration—namely, their claims

for breach of the duty of good faith and fair dealing and breach of New York General Business Law § 349. See Def.'s Br. at 1-3. Plaintiffs agree with this interpretation of the awards. Pls.' Reply Br. at 2.

I agree that the arbitrators in both cases ruled in plaintiffs' favor on their breach of contract claims, but dismissed all remaining claims. Both arbitrators made clear that their awards were based on breach of contract grounds and explicitly stated that "all claims not expressly granted herein are hereby denied." See McLaughin Award at 2; Manwaring Award. Accordingly, all claims submitted to arbitration by plaintiffs McLaughlin and Manwaring other than their breach of contract claims are hereby dismissed.

## CONCLUSION

Plaintiffs McLaughlin and Manwaring's motion to confirm the arbitral awards rendered in their favor is granted. Plaintiffs McLaughlin and Manwaring are granted the monetary relief awarded by the arbitrators for their breach of contract claims, and all remaining claims they submitted to arbitration are dismissed with prejudice.

SO ORDERED.

/s/(ARR)
_____
Allyne R. Ross
United States District Judge

Dated: July 12, 2016
Brooklyn, New York